**In the United States District Court
for the Southern District of Georgia
Brunswick Division**

FILED
BRUNSWICK DIV.
2005 NOV -8  P 12: 04
CLERK
            OF GA.

| | | |
|---|---|---|
| ELAINE BROWN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| GLYNN COUNTY BOARD OF ELECTIONS & VOTER REGISTRATION and CITY OF BRUNSWICK, GEORGIA, | : | |
| | : | |
| Defendants. | : | NO. CV205-218 |

## O R D E R

On Friday, November 5, 2005, at approximately 5:00 P.M., after the undersigned had left for the weekend, Petitioner, Elaine Brown, filed, pro se, a removal petition from Glynn County Superior Court seeking, in part, a Temporary Restraining Order ("TRO") enjoining the election for Mayor of Brunswick, Georgia, presently scheduled for tomorrow, November 8, 2005.

On Monday, the 7th day of November, 2005, the Court held a hearing on the TRO, attended by both parties, during which

AO 72A
(Rev. 8/82)

it was established that on the 14th of October, 2005, Plaintiff filed a complaint in the Superior Court of Glynn County, entitled "Petition For Review And Appeal Of The Decisions Of The Glynn County Board Of Elections & Voter Registration To Rescind Its Disqualification Of Elaine Brown As A Candidate For Mayor Of Brunswick, Georgia, And Remove Elaine Brown's Name From The List Of Electors In Brunswick, Georgia, For The November 8, 2005, Election." On October 27, 2005, the Superior Court of Glynn County, Georgia, held a hearing on the Complaint in that court, and thereafter on that date entered an Order affirming the decisions of the Board of Elections & Voter Registration and other relief.

Upon review of the Plaintiff's pleading, the Court is of the opinion that it seeks a reversal of a judgment of the Superior Court of Glynn County, dated October 27, 2005, that she has not appealed to the Appellate Courts of Georgia. Plaintiff has failed to exhaust her remedies under the Georgia State scheme, and has little chance of success on the merits. Accordingly, a temporary restraining order will be **DENIED**.

However, the prayer that the Board of Elections of Glynn County preserve and tally all "write-in ballots" is hereby

AO 72A
(Rev. 8/82)

**GRANTED** in accordance with Plaintiff's prayer on paragraph IIA-2 of the removed Complaint.

**SO ORDERED**, this \_\_\_7th\_\_\_ day of November, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA